COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


ROBERT L. BRANCH, S/K/A
 ROBERT LEVON BRANCH
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1408-96-1    JUDGE SAM W. COLEMAN III
                                         JULY 8, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Von L. Piersall, Jr., Judge


            Brenda C. Spry, Deputy Public Defender, for
            appellant.

            (James S. Gilmore, III, Attorney General;
            Margaret Ann B. Walker, Assistant Attorney
            General, on brief), for appellee.  Appellee
            submitting on brief.



     The defendant was convicted in a bench trial of robbery in

violation of Code § 18.2-58.  On appeal, he challenges the

sufficiency of the evidence to prove that he was the robber.

Finding no error, we affirm the conviction.

     We view the evidence in the light most favorable to the

Commonwealth, as the prevailing party, and grant to it all

reasonable inferences fairly deducible therefrom.  Higginbotham

v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

So viewed, the evidence proves that the victim was approached

from behind and knocked down, a coat was thrown over his head and

his pockets were emptied.  After the robbery, he told the police

---

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

officers at the scene that he had thirteen dollars in his pocket, however, at trial he testified that he had given a friend five dollars right before he was attacked. The victim did not see and could not identify his assailant. He testified that he "just felt the guy on me."

Wayne Henson, a friend of the victim, testified that after the victim left his house Henson and his cousin were alerted by Henson's mother to go see about the victim. When Henson and his cousin went down the street, they found the victim on the ground with the defendant "over top of" him and "another person there but he was standing" nearby. When Henson started towards the person standing near the victim, that person ran away. Henson testified that in order to get the defendant "off of from on top of" the victim "[m]y cousin tackled him" and held him until the police arrived. Officers C. T. Durham and Robert Joyner testified that, after they arrived on the scene, they arrested the defendant and recovered eight dollars from his pocket.

The defendant argues that because the evidence proves that he was only standing "over top" the victim and fails to prove that he was touching the victim, it was insufficient to prove that he was the robber. The defendant contends that he was merely an observer and that the person who ran from the scene was the robber. However, the defendant would have us view the evidence and reasonable inferences deducible therefrom in the light most favorable to him and to disregard the testimony from

which the fact finder could reasonably infer that he was the robber.  In view of the testimony that the victim was on the ground, that he "just felt the guy on me," Henson's testimony that the defendant was "over top of" the victim, and that his cousin "tackled" the defendant in order to get him "from on top of" the victim, the evidence was sufficient for the fact finder to infer that Henson and his cousin subdued the defendant and held him until the officers arrived because the defendant was robbing the victim.  After the defendant was arrested, he had an amount of money on him consistent with the amount that was taken from the victim.  The fact finder was not required to accept the defendant's version and could infer that his story was fabricated to conceal his guilt.  See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).  Because credible evidence supports the trial court's decision, we affirm the conviction.

Affirmed.